**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50509 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00813-PSG-1 |
| v. | |
| DREW MICHAEL ENDACOTT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted March 8, 2012
Pasadena, California

Before: THOMAS, WARDLAW, and BERZON, Circuit Judges.

Drew Michael Endacott appeals his conviction for transportation and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1); 2252A(a)(5)(B), respectively. Because the parties are familiar with the history of the case, we need not recount it here. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

# I

Endacott is not entitled to a reversal based on the jury's exposure to extrinsic evidence. There is no "reasonable possibility that the extrinsic material could have affected the verdict." *United States v. Prime*, 431 F.3d 1147, 1157 (9th Cir. 2005). The extrinsic evidence received by some jurors was mitigated by the district court's curative instructions. *Id.* at 1158. More importantly, the evidence introduced at trial against Endacott was very strong. *United States v. Montes*, 628 F.3d 1183, 1189 (9th Cir. 2011). We conclude that there was insufficient prejudice to warrant reversal. *Tong Xiong v. Felker*, — F.3d —, 2012 WL 1994716, at *7–*8 (9th Cir. June 5, 2012).

The district court did not abuse its discretion by allowing the government to introduce images of child pornography and excerpts from Endacott's journal into evidence. Federal Rule of Evidence 403 provides that evidence may be excluded if "its probative value is substantially outweighed" by the danger of unfair prejudice. Endacott stipulated that each of the images the government intended to introduce into evidence was a "true and correct copy of a child pornography image." Endacott argues that his stipulation obviated the images' probative value. However, the stipulation was incomplete because Endacott did not stipulate that he knew the images were in his possession or that he knew the images were of child

pornography. *United States v. Ganoe,* 538 F.3d 1117, 1123 (9th Cir. 2008). The district court did not abuse its discretion in determining that the images themselves were indicia of Endacott's knowledge.

The district court did not abuse its discretion in admitting Endacott's journal entries under Rule 403 because they were probative of Endacott's state of mind, or under Rule 404(b) because they related to Endacott's defense in this case, potential mistake.

The district court did not commit cumulative error by denying Endacott's motion for a mistrial and overruling his evidentiary objections. Thus, Endacott's trial was not fundamentally unfair. *Jackson v. Brown,* 513 F.3d 1057, 1085 (9th Cir. 2008)

## II

Endacott's sentence was not procedurally flawed or substantively unreasonable. The district court did not err procedurally. It properly considered and explicitly referenced the 18 U.S.C. § 3553(a) sentencing factors on the record, and it did not fail to recognize its discretionary authority to depart from the sentencing guidelines for policy reasons. *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011).

3

The district court did not err substantively because Endacott's sentence was sufficient, but not greater than necessary, to accomplish the sentencing goals of § 3553(a). *United States v. Crowe,* 563 F.3d 969, 977 n.16 (9th Cir. 2009).

**AFFIRMED.**